UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY CAMARGO, | ) |
| Petitioner, | ) 3:04-cv-0744-ECR-RAM |
| vs. | ) **ORDER** |
| E.K. McDANIEL, *et al.*, | ) |
| Respondents. | ) |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by Johnny Camargo, a Nevada prisoner. The action comes before the court with respect to its merits. The Court will deny the petition.

**I. Facts and Procedural Background**

Petitioner was charged in the Second Judicial District Court for Washoe County with robbery with the use of a deadly weapon after a preliminary hearing was held on October 31, 2000. Exhibits 16 and 18.[1] Petitioner was also charged in two other cases with robbery with the use of a deadly weapon. Exhibit 20. The state moved to join the three cases for trial. *Id.* The court denied the motions for joinder. Exhibit 22. After reconsideration, the court joined two of the cases for trial.

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss and answer and are located in the record at docket #16 and #40.

Exhibit 24.[2]  A jury trial was held on January 22 and 23, 2001.  Exhibits 30 and 31.  The jury convicted petitioner of robbery with the use of a deadly weapon in each case.  Exhibit 33.

Sentencing was held on March 28, 2001, and petitioner was sentenced in case CR00-2061 to a term of 180 months in prison with parole eligibility in 24 months, with an equal and consecutive sentence for the use of a deadly weapon.  Exhibit 37.  Petitioner was also sentenced in CR00-2019 to a term of 180 months in prison, with parole eligibility in 72 months, with an equal and consecutive sentence for the use of a deadly weapon.  *Id.*  The sentences for the separate cases were to run consecutively.  *Id.*  Judgments of conviction were entered on the same day.  Exhibits 38 and 39.  Petitioner appealed, and the Nevada Supreme Court affirmed the judgments of conviction.  Exhibits 3 and 40.  Remittitur issued on September 11, 2001.  Exhibit 4.

Petitioner filed a state habeas corpus petition on June 7, 2002, alleging several grounds for relief.  Exhibit 9.  Counsel was appointed, and he filed a supplemental petition for writ of habeas corpus.  Exhibit 43.  The state moved for partial dismissal of the petition, stating grounds 1 (a)-(d), (f)-(g), 2-4 and 6 should be dismissed.  Exhibit 44.  The state noted that a hearing was warranted on grounds 1 (e) and 5.  *Id.*  There was a dispute as to whether a hearing on ground 1 (a) was warranted.  *Id.*  An evidentiary hearing was held on May 6, 2004, and petitioner decided to pursue only ground 1 (a).  Exhibit 46.  The trial court denied the petition for writ of habeas corpus.  Exhibit 47.  Petitioner appealed the denial of ground 1 (a), and the Nevada Supreme Court affirmed the lower court's denial of the petition.  Exhibits 49 and 52A.  Remittitur issued on December 28, 2004.  Exhibit 52B.

Petitioner mailed a federal habeas corpus petition to this Court on December 10, 2004 (docket #6).  Respondents moved to dismiss several claims, arguing they were unexhausted (docket #15).  This Court granted the motion to dismiss, finding grounds one (b)-(f), two, three, four, five, and six remained unexhausted (docket #20).  Petitioner asked this Court for a stay and abeyance (docket #21).  On May 17, 2006, this Court stayed the case and held in abeyance while petitioner

---

[2] Cases CR00-2019 and CR00-2061 were joined.

returned to state court to exhaust his claims (docket #23).

Petitioner filed a second habeas corpus petition in the state district court on June 1, 2006. Exhibit 53. The state moved to dismiss the petition, arguing it was untimely filed and successive. Exhibit 55. The trial court granted the motion to dismiss, and dismissed the petition. Exhibit 56. Petitioner appealed and the Nevada Supreme Court affirmed the lower court's dismissal of the petition. Exhibits 60 and 70. Remittitur issued on September 4, 2007. Exhibits 73 and 74.

Petitioner then moved to reopen the case (docket #25). On June 23, 2008, this Court reopened the case and ordered petitioner to file an amended habeas corpus petition (docket #31). Petitioner filed an amended habeas corpus petition (docket #34). Respondents have now answered the petition (docket #39), and petitioner has filed a reply (docket #43).

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "'if the state court applies a rule that contradicts the governing law set forth in [the

3

Supreme Court's] cases'" or "'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent.'" *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694).

A state court decision is an unreasonable application of clearly established Supreme Court precedent "'if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The unreasonable application clause "requires the state court decision to be more than incorrect or erroneous"; the state court's application of clearly established law must be objectively unreasonable. *Id*. (*quoting Williams*, 529 U.S. at 409). *See also Ramirez v. Castro*, 365 F.3d 755 (9th Cir. 2004).

In determining whether a state court decision is contrary to, or an unreasonable application of, federal law, this Court looks to a state court's last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Plumlee v. Masto*, 512 F.3d 1204, 1209-10 (9th Cir. 2008) (en banc).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

    **A. Ground One (a)**

In ground one (a) petitioner alleges his Sixth and Fourteenth Amendment rights were violated when trial counsel failed to suppress evidence obtained as a result of an illegal detention. Petitioner contends that his fingerprints were taken and matched to a latent print found at the scene of one of the crimes during his illegal detention. Petitioner states that the police stopped the vehicle he was in due to a violation of the Reno Municipal Code, and this did not justify searching the vehicle or its occupants.

1  In order to prove ineffective assistance of counsel, petitioner must show (1) that counsel acted deficiently, in that his attorney made errors so serious that his actions were outside the scope of professionally competent assistance and (2) the deficient performance prejudiced the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). In the case of a guilty plea a petitioner must demonstrate that "but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,' . . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

Petitioner raised this claim in the state district court, and the trial court held an evidentiary hearing in which this claim was discussed.  Exhibit 46. Eric Nickel, petitioner's trial counsel, testified at the hearing. *Id.* at T 6.  Counsel stated that he did not file a motion to suppress the fingerprint evidence derived from the allegedly illegal detention because there was probable cause to arrest the petitioner for an open container in the vehicle. *Id.* at T 7.  Counsel also noted that the officers ran a background check and found that the petitioner was wanted by Parole and Probation, so the petitioner was going to be taken into custody on that basis alone. *Id.*  Counsel did not feel that there was an issue he could raise with respect to petitioner's detention. *Id.*

The trial court denied the claim, finding that counsel Nickel's testimony was credible.  Exhibit 47.  Moreover, the court noted that the petitioner offered no other testimony or evidence in opposition to Nickel's testimony. *Id.*  The court made the finding that petitioner's arrest was lawful, and that counsel was reasonable in not pursuing a motion to suppress. *Id.*  The Nevada Supreme

Court addressed this claim on appeal from the lower court's denial and stated:

> In the petition, appellant argued that counsel was ineffective for failing to file a motion to suppress evidence. The district court found that counsel was not ineffective. The district court's factual findings regarding a claim of ineffective assistance of counsel are entitled to deference when reviewed on appeal. [fn 1: *See Riley v. State*, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994).] Appellant has not demonstrated that the district court's findings of fact are not supported by substantial evidence or are clearly wrong. Moreover, appellant has not demonstrated that the district court erred as a matter of law.

Exhibit 52A.

The Nevada Supreme Court's order was not an objectively unreasonable application of federal law, as petitioner did not show any deficiency on the part of counsel pursuant to *Strickland*. Counsel testified that there was no reason to file a motion to suppress, as petitioner was lawfully arrested and in detention for two reasons: (1) because he had an open container in the vehicle and (2) because he was wanted by Parole and Probation. The state district court found that Nickel's testimony was credible, and that there was probable cause for petitioner's detention. The factual findings of the state court are presumed correct, and the factual finding that petitioner's detention was lawful is supported by the record. 28 U.S.C. § 2254(e)(1); *Cook v. Schriro*, 516 U.S. 802, 816 (9th Cir. 2008); *Miller-El v. Cockrell*, 537 U.S. 32 (2003). Furthermore, in order to show that trial counsel was ineffective for failing to file a motion to suppress, the underlying Fourth Amendment claim must be "meritorious." *Moore v. Czerniak*, 534 F.3d 1128, 1138 (9th Cir. 2008) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). Petitioner has not shown that had counsel filed a motion to suppress that he would have prevailed. The Court will deny this claim.

**D. Grounds One (b)-(f), Two, Three, Four, Five, and Six**

In ground one (b) petitioner alleges that trial counsel improperly tried to force him to accept a plea. Ground one (c) alleges that trial counsel failed to object during the testimony of witness Carrea or to cross-examine him regarding whether his wife previously owned a "red Chevy." In ground one (d) petitioner contends that trial counsel failed to call witnesses on the petitioner's behalf. Ground one (e) states that trial counsel was ineffective for failing to file any pretrial

discovery motions. Ground one (f) alleges that trial counsel had improper communications with the district attorney during jury deliberations. Petitioner next contends in ground two that joinder was improper and expert testimony was improperly admitted at trial. In ground three petitioner alleges that his sentence is unconstitutional as the jury never made a clearly finding of guilty as to the deadly weapon enhancement. Petitioner asserts in ground four that two jurors improperly saw him in full restraints and jail garb, thereby removing any presumption of innocence. In ground five petitioner argues that the prosecutor committed misconduct when he withheld or destroyed evidence. Finally, in ground six petitioner states that appellate counsel was ineffective as he made no attempt to utilize the direct appeal process and did not advocate on petitioner's behalf.

Respondents argue that grounds one (b)-(f), two, three, four, five, and six should be dismissed as they were procedurally defaulted in the state court.

**1. Procedural Default**

Generally, in order for a federal court to review a habeas corpus claim, the claim must be both exhausted and not procedurally barred. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). Procedural default refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds rather than denying the claim on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all

federal habeas cases. *See Koerner*, 328 F.3d at 1046.

**2. Procedural Default in the State Court**

Grounds one (b)-(f), two, three, four, five, and six were raised in the first petition, but then abandoned, and not raised in the appeal from the denial of that first habeas corpus petition. Respondents contend claims were raised in petitioner's second habeas corpus petition and were procedurally defaulted in the state court. The state district court dismissed petitioner's second habeas corpus petition as untimely and successive. Exhibit 56. On appeal, the Nevada Supreme Court affirmed the state district court's dismissal, stating:

> Appellant filed his petitions almost five years after this court issued the remittitur from his direct appeal in district court case number CR002019 and more than five years after entry of the judgment of conviction in district court case number CR002061. Thus, appellant's petitioners were untimely filed. [fn 4: *See* NRS 34.726(1).] Moreover, appellant's petitions were successive because he had previously filed post-conviction petitions for writs of habeas corpus in the district court raising the same claims. [fn 5: *See* NRS 34.810(1)(b)(2); NRS 34.810(2).] Appellant's petitions were procedurally barred absent a demonstration of good cause and prejudice. [fn 6: *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).]
>
> In an attempt to excuse his procedural defects, appellant argued that his post-conviction counsel failed to present and argue all grounds to the courts in the first habeas corpus proceedings. Appellant appeared to argue that raising the claims again was required for exhaustion purposes. Finally, appellant appeared to suggest that his procedural defects should be excused because he had a limited fluency in the English language, a minimal education and the first petition was prepared by another inmate.
>
> Based upon our review of the record on appeal, we conclude that the district court did not err in determining that appellant failed to demonstrate good cause to excuse his procedural defects. Appellant cannot demonstrate good cause in the instant case based upon a claim of ineffective assistance of post-conviction counsel as the appointment of counsel in the prior proceeding was discretionary. [fn 7: *See Crump v. Warden*, 113 Nev. 293, 934 P.2d 247 (1997); *McKague v. Warden*, 112 Nev. 159, 912 P.2d 255 (1996).] Further, failure to exhaust state remedies is not good cause to file a late and successive petition raising the same claims abandoned in the first post-conviction proceedings. Appellant failed to demonstrate that any alleged language barrier existed in the instant case, and thus, this did not constitute good cause in the instant case. [fn 8: *See Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994) (holding that good cause must be an impediment external to the defense). We note that the presentence investigation report indicates that appellant was born in King City, California and that appellant had completed the tenth grade. There is no

8

> notation in the transcripts or minutes that an interpreter was present or required in the instant case. Further in the transcript on appellant's motion seeking withdrawal of trial counsel, the district court noted that appellant had submitted a handwritten motion to the court and appellant spoke at some length during the hearing.] Appellant's limited education and poor assistance from an inmate law clerk likewise do not constitute good cause. [fn 9: *See Phelps v. Director, Prisons*, 104 Nev. 656, 764 P.2d 1303 (1988).] Therefore, we affirm the order of the district court dismissing appellant's petition as procedurally barred.

Exhibit 70.

It appears that grounds one (b)-(f), two, three, four, five, and six were procedurally defaulted in the state court, as the Nevada Supreme Court found that the second habeas corpus petition was untimely file and successive.

**3. The Procedural Default Was an Independent and Adequate State Law Ground for the Nevada Supreme Court's Disposition of Petitioner's Claims**

For the procedural default doctrine to apply, "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). *See also Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996).

NRS 34.810 has been held to be an independent and adequate state procedural rule that will bar federal review. *See Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207 (9th Cir. 1999). Furthermore, the Ninth Circuit Court of Appeals has also found NRS 34.726(1) to be an independent and adequate state ground. *See Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000); *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996). This court finds that the Nevada Supreme Court's holding that petitioner's second state habeas petition was procedurally barred under NRS 34.726 and 34.810 was an independent and adequate ground for the court's denial of the state habeas petition.

**4. Cause and Prejudice or Fundamental Miscarriage of Justice**

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989)

9

(citations omitted). Cause to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

A petitioner can meet the fundamental miscarriage of justice standard when he shows "actual innocence," or new evidence presented to the court which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 317 (1995). Under *Schlup*, actual innocence is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28). The petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. *Id.*; *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003). Moreover, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324; *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

Petitioner first argues that the procedural default can be excused due to counsel's ineffective assistance. Petitioner's claim can be construed as arguing ineffective assistance of post-conviction counsel, as post-conviction counsel did not raise grounds one (b)–(f), two, three, four, five, and six, on appeal from the denial of his first state habeas corpus petition. However, ineffective assistance of post-conviction counsel does not constitute cause for procedural default. *See Poland v. Stewart*, 169 F.2d 573, 588 (9th Cir. 1999) (holding "[b]ecause '[t]here is no constitutional right to an attorney in state post-conviction proceedings,' there cannot be 'constitutionally ineffective assistance of counsel in such proceedings'") (quotation omitted).

Petitioner also contends that he is actually innocent. While a petitioner can meet the fundamental miscarriage of justice standard when he shows actual innocence, in this case petitioner has not established actual innocence. He has not shown this court that there is new evidence that raises a sufficient doubt or undermines the confidence in the result of the trial, or that he is factually innocent of the crimes. Petitioner has not demonstrated that the failure to consider the defaulted claims will result in a fundamental miscarriage of justice, or that there is cause and prejudice to excuse the default.

The Court will dismiss grounds one (b)-(f), two, three, four, five, and six as procedurally defaulted.

## IV. Certificate of Appealability

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet

11

that standard.  Accordingly, the Court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that grounds one (b)-(f), two, three, four, five, and six are **DISMISSED**.  The Court finds these grounds were procedurally defaulted in the state court.

**IT IS FURTHER ORDERED** that the amended petition for writ of habeas corpus (docket #34) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

Dated this 18th day of September, 2009.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE